**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ANGEL T. SANJURJO<br><br>  Plaintiff<br>         v.<br>UNITED STATES OF AMERICA<br>  Defendants | **Civil No. 07-1865 (SEC)** |

**OPINION & ORDER**

Pending before this Court is Petitioner Angel T. Sanjurjo's ("Sanjurjo" or "Petitioner") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C.A. § 2255, in connection with USA v. Ayala-López, Criminal Case No. 03-cr-055-02 (SEC) (Docket # 1) ("No. 03-055-02 (SEC)"). The United States of America ("United States") opposed the motion (Docket # 9). After considering the parties' filings, and the applicable law, Petitioner's motion is hereby **DENIED.**

**Factual and Procedural Background**

Petitioner was indicted by a Grand Jury on February 13, 2003, along with eight (8) other defendants. No. 03-cr-055-02 (SEC), Docket # 2. Specifically, Sanjuro was charged on Count One of the Indictment with conspiring to distribute "five (5) kilograms or more of cocaine and a detectable amount of cocaine base" as well as "detectable amounts of heroin and marijuana" in violation of Title 21, U.S.C. §§ 841(a)(1) and 846. Id. On April 14, 2004, Petitioner pled guilty to that charge in a straight plea. No. 03-cr-055-02 (SEC), Docket # 282. In the course of his Change of Plea Hearing, Petitioner expressed satisfaction with the representation and advice provided by his counsel (No. 03-cr-055-02 (SEC), Docket # 696 at 6:20-23), and agreed with the United States' description of his conduct, including its stance that petitioner "was involved personally in approximately 13 kilograms of cocaine per year during the course of the conspiracy." Id. at 14: 24 - 15:3; 16:17-23.

**Civil No. 07-1865 (SEC)** 2

At the August 13, 2004 Sentencing Hearing, during which defense counsel and the United States presented extensive arguments on the drug quantity and criminal history attributable to Sanjurjo (No. 03-cr-055-02 (SEC), Docket # 521 at 4-19; 22-25), the Court sentenced Petitioner in keeping with the drug quantity to which he pled, five (5) kilograms. Id. at 21:1-17. The Court reasoned that Petitioner made a straight plea to the first count of the indictment, which charged him with five (5) kilograms or more, and that the evidence supported a finding "in excess of fifteen kilos." Id. With respect to the criminal history question, the Court accepted the presentence report recommendation, adding two points for committing the offense within two years of being released from prison. Id. at 21:18-22:9. In reaching this determination, the Court noted that the conspiracy to which Petitioner pled started within that two-year time frame and that the evidence showed Petitioner was selling drugs for the leader of the conspiracy even before then. Id. Accordingly, Petitioner was sentenced to 120 months of imprisonment and 5 years of supervised release, a sentence compliant with the ten (10) year statutory minimum for five (5) kilograms, as well as within the relevant guideline sentencing range. Id. at 22:10-16; 28:15-21.

On appeal, the First Circuit affirmed Sanjurjo's conviction and sentence, agreeing with Sanjurjo's appellate counsel's brief, filed pursuant to Anders v. California, 386 U.S. 738 (1967), that Petitioner lacked any meritorious basis for appeal. The First Circuit found that Petitioner "was sentenced to the properly calculated statutory mandatory minimum prison term," rendering any Booker error "harmless," and that the imposition of such a term "based on judicially-found facts" relating to drug quantity was proper, raising no Apprendi concerns. US v. Sanjurjo-Figueroa, No. 04-2268 (1st Cir. Dec. 21, 2006) (Judgment affirming conviction and sentence) ("No. 04-2268 ").

Petitioner now seeks relief under 28 U.S.C. § 2255, claiming that (1) the drug quantity attributed to him was calculated incorrectly, (2) his civil rights were violated, (3) his criminal history computation was inaccurate, and (4) he suffered ineffective assistance of counsel.

**Civil No. 07-1865 (SEC)**  3

Docket # 1. In opposition, the United States argues that Petitioner's first three claims are procedurally barred. See Docket # 9. With respect to Petitioner's final claim, ineffective assistance of counsel, the United States argues that Petitioner cannot meet the requisite standard for a showing of ineffective assistance. See id. As such, the United States asks this Court to deny Petitioner's § 2255 motion. Id.

**Standard of Review**

Federal District Courts have the jurisdiction to entertain motions under section 2255 of title 28 of the United States Code when a petitioner is incarcerated by sentence of a federal court. See 28 U.S.C. §2255. Section 2255 provides four grounds on which a federal prisoner may challenge his sentence: (1) the sentence imposed is in violation of the Constitution and/or laws of the United States; (2) the court lacked the jurisdiction to impose the sentence; (3) the sentence exceeded the maximum term authorized by law; or (4) the sentence is otherwise subject to collateral review. See id. Should a court find any of these errors, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id.

The petitioner bears the burden of establishing, by a preponderance of the evidence, that he is entitled to relief. United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978). With respect to petitions that are "inadequate on [their] face, or although facially adequate, [are] conclusively refuted as to the alleged facts by the files and records of the case, *summary dismissal* is appropriate." Lema v. U.S., 987 F.2d 48, 51 (1st Cir. 1993) (internal citations omitted).

**Applicable Law and Analysis**

The First Circuit has consistently held that "[i]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." Singleton v. U.S., 26 F.3d 233, 240 (1st Cir. 1994) (citing Dirring v. U.S., 370 F.2d 862, 864 (1st Cir. 1967)). Thus, any issue seen on direct appeal by the First Circuit, relating to No. 03-cr-055-02 (SEC), is precluded

**Civil No. 07-1865 (SEC)** 4

from being considered by this Court through the use of a 28 U.S.C. § 2255 motion. See id.

Non-constitutional claims not raised on direct appeal are likewise precluded "absent exceptional circumstances." Knight v. U.S., 37 F.3d 769, 772 (1st Cir.1994); see also Singleton, 26 F.3d at 239 (deeming petitioner's claim "defaulted" when "it was neither raised before the trial court nor on direct appeal"); Argencourt v. United States, 78 F.3d 14, 16 n.1 (1st Cir. 1996) (rejecting arguments "not raised in the district court"). The "general rule" is that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). This heightened showing comports with the Supreme Court's well established rule that "§ 2255 is not a substitute for direct appeal" Knight, 37 F.3d at 772; see also Stone v. Powell, 428 U.S. 465, 478 n.10 ([T]here has been no change in the established rule with respect to nonconstitutional claims. The writ of habeas corpus and its federal counterpart, 28 U.S.C. s 2255, 'will not be allowed to do service for an appeal.'") (citing Sunal v. Large, 332 U.S. 174, 178 (1947)). Furthermore, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived." U.S. v. Jiminez, 498 F.3d 82, 88 (1st Cir. 2007) (citing United States v. Zannino, 895 F.2d 1, 17 (1st Cir.1990)).

In light of these rules, only Petitioner's final claim of ineffective assistance of counsel withstands procedural preclusion. Nevertheless, Petitioner's first three claims are also granted brief attention.

### *Drug Quantity Calculation*

Petitioner claims that the drug quantity attributed to him was "erroneous" as his "sentence [was] based upon a total amount of drugs involved in the conspiracy and not based on the actual handling [he] was responsible for ..." Docket #1. As the First Circuit already upheld the Court's sentence as properly based on the judicially found drug quantity (No. 04-2268, Judgment filed Dec. 21, 2006), this issue is precluded from consideration at this juncture. See Singleton, 26 F.3d at 240. Moreover, even if the question of drug quantity was

not precluded, the record directly contradicts Petitioner's allegation. At the Sentencing Hearing, the Court specifically found the evidence to "sustain a drug quantity *attributable to this defendant* in excess of fifteen kilos." No. 03-cr-055-02 (SEC), Docket # 521 at 21:9-10 (emphasis added). The amount attributable to Sanjurjo, not the conspiracy, informed the Court's decision to predicate its sentence on a drug quantity of five (5) kilograms.

### *Civil Rights Violation*

Petitioner also claims that his Civil Rights were violated. Docket # 1. More specifically Petitioner claims to have been "brought before the U.S. Attorney without benefit or representation, and intimidated." Id. Given the "perfunctory manner" in which Sanjurjo has raised this challenge, this Court deems it waived. See Jiminez, 498 F.3d at 88. Petitioner offers no details about his alleged encounter with the prosecution from which the Court could even begin to assess whether violations of any nature transpired. The motion does not even specify whether any communication took place between the parties. Moreover, the Court can only guess what Petitioner means by "intimidated." Clearly, Petitioner has not met his "obligation 'to spell out [his] arguments squarely and distinctly,' or else forever hold [his] peace." U.S. v. Zannino, 895 F. 2d 1, 17 (1st Cir. 1990).

Sanjurjo's civil rights claim is additionally precluded because of his failure to raise the issue on direct appeal. See Knight, 37 F.3d at 772; Singleton, 26 F.3d at 239; Argencourt, 78 F.3d at 16 n.1. Petitioner has shown no reason for neglecting to do so, nor has he demonstrated that the alleged error resulted in prejudice. See Massaro, 538 U.S. at 504.

### *Criminal History*

Petitioner's failure to raise the claim that his "criminal history was incorrectly calculated" (Docket #1) on direct appeal precludes this Court from revisiting the issue now. See Knight, 37 F.3d at 772; Singleton, 26 F.3d at 239; Argencourt, 78 F.3d at 16 n.1. Petitioner offers no explanation for his failure to include this issue in his appeal to the First Circuit. See Massaro, 538 U.S. at 504. Furthermore, Petitioner has made no showing as to how

**Civil No. 07-1865 (SEC)** 6

the alleged error has prejudiced him. See id.

### *Ineffective Assistance of Counsel*

Petitioner claims that his counsel's assistance was ineffective, charging more specifically that his counsel (1) "never provided documents upon [his] request," (2) failed to advance arguments about the lack of "evidence presented showing [him] in the actual selling of drugs," and (3) did not appeal his sentence. Docket # 1. The United States opposes Petitioner's ineffective assistance of counsel claim through reference to defense counsel's challenges to the drug quantity and criminal history points during the sentencing hearing, and by pointing out that Petitioner's defense counsel on appeal filed an Anders brief. Docket # 9.

It is well settled that Sanjurjo faces a difficult task in this claim. Not only is "[t]he burden on the petitioner to demonstrate ineffective assistance by a preponderance of the evidence" Lema, 987 F.2d at 51, but also, the standard of review for an attorney's performance is a "very forgiving" one. See U.S. v. Theodore, 468 F.3d 52, 58 (1st Cir. 2006) (citing Delgado v. Lewis, 223 F.3d 976, 981 (9th Cir. 2000)).

The Sixth Amendment to the Constitution of the United States provides in part that: "[i]n all criminal prosecutions, the accused shall enjoy the right to ... have the Assistance of Counsel for his defence (sic)." U.S. CONST. amend. VI. Moreover, the legal assistance envisioned by the Sixth Amendment is not satisfied by merely having a lawyer present alongside the defendant during trial; in order to comply with the Sixth Amendment guarantee, counsel must provide "effective assistance." Strickland v. Washington, 466 U.S. 668, 685-686 (1984). A convicted defendant who questions the validity of the criminal proceeding against him by way of claiming ineffective assistance of counsel must meet the two-part test established by the U.S. Supreme Court in Strickland. This requires the criminal defendant to "establish that (1) 'counsel's representation fell below an objective standard of reasonableness' and (2) 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Knight v. Spencer, 447 F.3d 6, 15(1st Cir. 2006)

**Civil No. 07-1865 (SEC)**                                                                                          7

(quoting Smiley v. Maloney, 422 F.3d 17, 20 (1st Cir. 2005) (quoting Strickland, 466 U.S. at 684)).

With respect to the first part of the test, the Supreme Court has stated that there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 700. Furthermore, the Court's evaluation of Counsel's performance must be highly deferential. Id. at 691. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. Therefore, to make a fair assessment of an attorney's performance, the Court should attempt to eliminate the distorting effects of hindsight. Id.

Even if a criminal defendant overcomes this rather formidable obstacle, his ineffective assistance claim will not prosper unless he can also establish the second prong of the test. See id. at 700. Strickland's holding also requires a showing that counsel's deficient performance prejudiced the defendant. Id. at 694. That does not mean, however, that the Court must address the two prongs of the test in the order above, or even analyze both. If the Court is satisfied that the defendant cannot establish either that Counsel was deficient or that such deficiency prejudiced the defendant, it may dispose of the claim without further ado. See id. at 697.

As a preliminary matter, this Court notes that with respect to ineffective assistance of counsel claims, "the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such. If counsel is a reasonably effective advocate, he meets constitutional standards, irrespective of his client's evaluation of his performance" U.S. v. Cronic, 446 U.S. 648, 657 (1984). Thus, neither Petitioner's current assessment of his attorney as "inept and self-serving," (Docket # 1), nor the under-oath acceptance by Sanjurjo that he was satisfied with his attorney, which the United States relies upon (Docket # 9), have any bearing on the present analysis. See id.

**Civil No. 07-1865 (SEC)**                                                                                                                8

  Turning now to Petitioner's first argument, that his counsel's alleged failure to provide Sanjurjo with documents rendered counsel ineffective, the Court finds that it can be dismissed for failure to meet the second prong of the Strickland test. See Strickland, 466 U.S. at 694. Petitioner offers no insight into how the receipt of documents could have altered the result of his proceedings. Indeed, declining even to specify which documents he was left wanting, Sanjurjo here displays no "effort at developed argumentation." Jiminez, 498 F.3d at 88. As such, this argument is waived. Id. Even if the argument were not waived, the court can only guess that Petitioner refers to the district court record, which he sought for the purposes of appeal. The First Circuit denied Sanjurjo's motion for disclosure of the record, asking him to "obtain the relevant parts of the district court record from his attorney." No. 04-2268, Order filed Sept. 22, 2006. However, according to the First Circuit's docket, the relevant portions of the district court record were forwarded to Petitioner on October 20, 2006 to his address at MDC Guaynabo. Id., Letter filed Oct. 23, 2006. Thus, even if Petitioner never received these documents, it cannot be attributed to ineffectiveness on the part of his counsel. Though he has not so claimed in this motion, and the court is under no obligation to act as a mind-reader, see Zannino, 895 F.2d at 52-53, Petitioner may blame the alleged unavailability of documents for his failure to submit a *pro se* brief on appeal. Nevertheless, given the First Circuit's holding that Sanjurjo's "appeal present[ed] no meritorious issues," Petitioner cannot establish that this prejudiced him. No. 04-2268, Judgment filed Dec. 21, 2006.

  Second, Sanjurjo argues that evidence was never produced "showing [him] in the actual selling of drugs." Docket # 1. He contends that the United States only presented evidence of his purchasing drugs for his own use, and that his counsel should have, and did not, make any arguments based on this. Id. Addressing the first part of Petitioner's argument, relating to the alleged lack of evidence, this Court notes that Petitioner entered into a straight plea, thus giving up his right to hold the United States to the burden of proving his guilt beyond a reasonable doubt at trial. Petitioner explicitly stated that he understood this at his Change of

**Civil No. 07-1865 (SEC)**                                                                      9

Plea Hearing. No. 03-cr-055-02 (SEC), Docket # 696 at 7-8. Petitioner has not claimed that his plea was anything but knowing and voluntary and nothing before this Court suggests otherwise. Indeed, Petitioner states in his section 2255 motion that "[i]n good faith, [he] entered a straight plea demonstrating a willingness to accept responsibility." Docket # 1.

Furthermore, the record indicates that, contrary to Petitioner's claim, the United States did indeed offer evidence of his drug-selling, specifically in the form of statements made by the Petitioner to government agents. No. 03-cr-055-02 (SEC), Docket # 521 at 10-11. In fact, during Petitioner's Sentencing Hearing, the court concluded that "based on the facts before the court, and his own statements, it is obvious that at least the threshold of five kilos is sustained by the evidence regarding the sales at the drug point." Id. at 11-12. Notwithstanding, Petitioner's counsel ardently challenged this evidence at the Sentencing Hearing, arguing repeatedly that there was no evidence showing the amount of drugs sold by Sanjurjo, nor showing when Sanjurjo joined the conspiracy. Id. at 4, 16, 18. On this basis, Sanjurjo's counsel urged more lenient sentencing and a lower criminal history calculation. Id. at 4-7, 17-19. Thus, with respect to this second argument, Petitioner in no way rebuts the "strong presumption that counsel's conduct f[ell] within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 700. That the court did not accept defense counsel's arguments at sentencing does not bring his assistance below Strickland's objective standard of reasonableness, and, in any event, Sanjurjo's claim that his counsel failed to pursue such arguments is plainly untrue.

Finally, Petitioner's argument that his counsel did not appeal his sentence ( Docket # 1) also fails, for Petitioner does not show that this prejudiced him, as required by the second prong of the Strickland test. See Strickland, 466 U.S. at 694. The record shows that Petitioner filed an appeal from his district court sentence. No. 04-2268, Judgment filed Dec. 21, 2006. His appellate counsel, though believing no "meritorious ground for appeal" existed, fulfilled his duty to Petitioner by submitting a brief pursuant to Anders. Agreeing with appellate counsel

that "the appeal present[ed] no meritorious issues," the First Circuit "affirn[ed] Sanjurjo's conviction and sentence and grant[ed] counsel's motion to withdraw." Id.

**Conclusion**

In light of the above, this Court concludes that Petitioner's claim for ineffective assistance of counsel lacks support in the record. As a result, his § 2255 motion is hereby **DENIED**, and this case is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21th day of January, 2010.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge